# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| BRYAN J. BUR, | Case No: |
| Plaintiff, | HON. |
| vs. | MAG. |
| WALMART STORES, INC., | |
| Defendant. | |

| | |
|---|---|
| JONNY L. WAARA (P55525) | MICHAEL A. CHICHESTER, JR. (P70823) |
| PETRUCELLI & WAARA, P.C. | LITTLER MENDELSON, P.C. |
| 328 W. Genesee | 200 Renaissance Center |
| P.O. Box AA | Suite 3110 |
| Iron River, MI  49935 | Detroit, MI  48243 |
| 906.265.6173 | 313.446.6400 |
| jonny@truthfinders.com | 313.202.3254-direct |
| *Attorneys for Plaintiff* | mchichester@littler.com |
| | *Attorneys for Defendant* |

## DEFENDANT WALMART INC.'S NOTICE OF REMOVAL

Defendant Walmart Inc. (named as "WalMart Stores, Inc.") ("Defendant" or "Walmart"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes Case No. 19-17166-CK from the Circuit Court for the County of Houghton, State of Michigan, to the United States District Court for the Western District of Michigan, Northern Division, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1. On or about April 12, 2019, Plaintiff Bryan J. Bur filed a Complaint in the Circuit Court for the County of Houghton, State of Michigan, styled *Bur v. WalMart Stores, Inc.*, Case No. 19-17166-CK (the "State Court Action").

2. Service of a Summons and Complaint ("Compl.") by certified mail was effected upon Defendant's registered agent on April 18, 2019, copies of which are attached hereto as Exhibit 1.

3. The aforesaid documents (Exhibit 1) constitute all process, pleadings and orders served upon Defendant in this action.

4. The Complaint purports to assert one cause of action against Walmart, for retaliatory discharge in violation of the Michigan Workers' Disability Compensation Act, M.C.L.A. 418.301(11) ("WDCA"). (Compl. ¶ 14.)

5. The relief Plaintiff seeks includes, *inter alia*: compensatory damages in excess of $25,000; back pay and lost benefits; exemplary damages in excess of $25,000; and attorney's fees and costs. (Compl. ¶ 17.)

## DIVERSITY JURISDICTION UNDER 28 U.S.C. 1332

6. This action is one of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332 (diversity), and is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is an action of civil nature wherein the alleged value of the claim of Plaintiff is in excess of the amount of $75,000.00, exclusive of interest, costs and attorney fees, and is between citizens of different states, as more fully shown below:

   a. At the time such action was instituted in the Circuit Court for Houghton County in the State of Michigan, and at the present time, Plaintiff is and has been a citizen of the State of Michigan. (Compl. ¶ 1.)

   b. At the time such action was commenced, and at the present time, Walmart was and is a corporation organized under and existing by virtue of the laws of the State of Delaware,

and is not incorporated in any other state, with its principal place of business in the State of Arkansas. Walmart is not now, and has never been, a citizen of the State of Michigan.

  c.  In his Complaint, Plaintiff alleges that the amount in controversy exceeds $25,000.00, which is the required threshold for Michigan Circuit Court actions. (Compl. ¶ 17.) In fact, he alleges his compensatory and exemplary damages separately amount to over $25,000 *each*, thereby acknowledging $50,000 in controversy at the outset. (*Id.* at ¶ 17(a) and (c).) However, the allegations set forth in the Complaint and the damages articulated therein make clear that Plaintiff is actually seeking damages well in excess of $75,000.00.

  d.  Plaintiff's employment was terminated on May 2, 2016, and he now alleges his termination was in retaliation for filing a worker's compensation claim on April 12, 2016.

  e.  Plaintiff's unspecified injuries and damages include past, current and future "financial distress," "loss of wages and benefits," "loss of earning capacity, and loss of ability to work." (Compl. ¶ 16.) He also claims to have "suffered emotional and physical distress, mental and physical anguish, humiliation, loss of reputation and embarrassment [and] the physical manifestations of these problems, and will suffer these problems into the future." (Compl. ¶ 17.) At the time his employment with Defendant ended on May 2, 2016, he was being paid $9.00 per hour in a part-time position that called for an average of 24 hours per week. Thus, Plaintiff has accrued approximately $34,000 in potential back pay damages since his employment ended, and his lost earnings continue to accrue at a rate of approximately $216 per week.

  f.  The latest available statistics from the Administrative Office of the United States Courts reflect that, for the twelve-month period ending June 30, 2018, the median interval from filing to trial in civil cases in the Western District of Michigan was 34.4 months. Should this case proceed to trial in February 2022, Plaintiff's alleged lost wages through that date will total

approximately $65,000. Three years' additional year of front pay[1] would be equal to another $34,000, bringing Plaintiff's total amount in controversy arising from wage-based damages to nearly $100,000.

      g.      As Plaintiff already alleges his "exemplary" (punitive) damages alone exceed $25,000 (Compl. ¶ 17(c), the addition of his wage damages brings the calculation to nearly $125,000, well beyond the $75,000 amount-in-controversy requirement for diversity removal.

      h.      In addition, damages available to a plaintiff in an action alleging he was discharged in retaliation for filing a worker's compensation claim include emotional distress damages. *Phillips v. Butterball Farms Co.*, 448 Mich. 239, 252–53 (1994).

Taking Plaintiff's claims for lost wages and benefits, emotional distress and punitive damages together, the matter in controversy far exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney fees, and thus the amount in controversy requirement is satisfied. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572–73 (6th Cir. 2001).

      7.      Defendant's Notice of Removal is timely as it was filed within thirty (30) days of service of the Complaint on Defendant, pursuant to 28 U.S.C. § 1446(b).

      8.      Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal have been served upon Plaintiff and Defendant has timely filed a copy of this Notice of Removal with the Clerk of the Houghton County Circuit Court.

---

[1] Plaintiff seeks reinstatement in addition to monetary damages. (Compl. ¶ 17, Legal Relief (b) (requesting an "order replacing [Plaintiff] in the position he would have held had there been no violation of his rights").) Three years' front pay is a reasonable factor to consider in calculating the amount of controversy. *See, e.g., Knuffman v. Mcwane Inc.*, 2016 WL 829964, at *1 (C.D. Ill. March 3, 2016) (including three years of front pay when calculating amount in controversy for purposes of diversity removal of retaliatory discharge claim).

## CONCLUSION

By this Notice of Removal, Defendant Walmart Inc. does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Defendant Walmart Inc. intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

/s/  Michael A. Chichester, Jr.
Littler Mendelson, P.C.
200 Renaissance Center, Suite 3110
Detroit, MI  48243
Phone: 313.202.3254-direct
Fax: 313.446.6405
mchichester@littler.com
(P70823)
***Attorneys for Defendant***

Dated:  May 15, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on May 15, 2019, via:

|   | | | |
|---|---|---|---|
|   | U. S. Mail    |   | Facsimile |
| X | ECF Filing    |   | Hand Delivery |
|   | E-Mail        | X | Federal Express |

/s/  Michael A. Chichester, Jr.
Michael A. Chichester, Jr.

5

# Exhibit 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>12th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | **CASE NO.**<br>19-17166-CK |

| Court address | Court telephone no. |
|---|---|
| Houghton County Courthouse, 401 E. Houghton Ave., Houghton, MI 49931 | 906-482-5420 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>BRYAN J. BUR<br>120 East Broad Street, Apt. 3<br>L'Anse, MI 49946 | v | Defendant's name(s), address(es), and telephone no(s).<br>WALMART STORES, INC.<br>c/o The Corporation Company<br>40600 Ann Arbor Road E., Suite 201<br>Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Jonny L. Waara (P55525)<br>Petrucelli & Waara, P.C.<br>328 W. Genesee, P.O. Box AA<br>Iron River, MI 49935<br>(906)265-6173 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4-12-19 | Expiration date*<br>7-12-19 | Court clerk<br>Jennifer Kelly |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

| PROOF OF SERVICE | **SUMMONS**<br>Case No. 19-            -CK |
|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled Fee<br>$ | | Signature |
|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled Fee<br>$ | TOTAL FEE<br>$ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____   Signature: _____
                        Date                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                                      Day, date, time

_____ on behalf of _____ .
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF HOUGHTON

**BRYAN J. BUR,**

    Plaintiff,

v

**WALMART STORES, INC.,**

    Defendant.

File No: 19-    -CK

Hon.

Petrucelli & Waara, P.C.
Attorneys for Plaintiff
By: Jonny L. Waara (P55525)
328 W. Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: (906) 265-6173

## Complaint And Jury Demand

Comes now the plaintiff, Bryan J. Bur, by and through his attorneys, Petrucelli & Waara, P.C., and for his complaint, states:

### Parties, Jurisdiction, And Venue

1. The plaintiff, Bryan J. Bur, resides at 120 East Broad Street, Apt. 3, L'Anse, Michigan 49946.

2. Defendant Wal-Mart Stores, Inc., is a foreign profit corporation whose registered agent is The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, Michigan 48170.

3. The events that give rise to this lawsuit occurred in whole or in part in Houghton County, Michigan.

4. The amount in controversy exceeds the jurisdictional

amount of twenty-five thousand and no/100 dollars ($25,000.00), exclusive of interest and costs.

## Background Facts

5. At all relevant times, Bryan J. Bur was an employee of defendant Wal-Mart Stores, Inc., working as a stockman/general labor at the Wal-Mart facility in Houghton, Houghton County, Michigan.

6. During the course and scope of his employment at Wal-Mart Stores, Inc., Mr. Bur sustained work-related injuries, including, but not limited to, significant left knee injuries on 12 April 2016. Mr. Bur reported his injury to his supervisor at the job site.

7. Despite his injuries, Mr. Bur attempted to continue to work. He was still experiencing knee problems which included limping and falling. Mr. Bur was told by his supervisor that he could not work if he was not 100% physical able to do so. Mr. Bur was terminated effective on 2 May 2016. The false reason given was due to his attendance at work.

8. Mr. Bur was given no opportunity to dispute the unjust termination.

9. The plaintiff contends that Wal-Mart Stores, Inc., used the false allegation of poor attendance against him in an attempt to justify a wrongful termination it had already decided to do.

10. Specifically, Mr. Bur contends that the defendant retaliated against him for filing a worker's compensation action for his work-related injuries.

## Count I
### (Retaliatory Discharge)

11. The plaintiff repeats and realleges paragraphs 1 through 10 as if fully set for herein.

12. On 12 April 2016, Mr. Bur reported a worker's compensation claims to defendant Wal-Mart Stores, Inc., regarding work-related left knee injuries he had sustained while working for the defendant.

13. On 2 May 2016, Mr. Bur was terminated for allegedly poor attendance. This offered reason for Mr. Bur's termination was simply a pretext for one of the real reasons the defendant terminated Mr. Bur, that is in retaliation for filing worker's compensation claims.

14. MCLA 418.301(11) of the Michigan Worker's Disability Compensation Act prohibits retaliatory discharge for exercising rights under the worker's compensation system.

15. As a result of the plaintiff reporting his legitimate work-related injuries as a compensable worker's compensation claim, defendant Wal-Mart Stores, Inc., retaliated against the plaintiff and subjected him to disparate and unfair treatment at work, including termination from the defendant corporation. The defendant retaliated against and discharged the plaintiff in whole or in part for reporting his legitimate work-related injuries as a compensable worker's compensation claim.

16. As a direct and proximate result of the defendant's retaliatory discharge of the plaintiff, the plaintiff has been placed in financial distress, has suffered loss of wages and benefits, loss of earning capacity, and loss of ability to work, and will suffer those loses in the future.

17. As a further direct and proximate result of the defendant's retaliatory discharge in violation of Michigan's Worker's Compensation Act, the plaintiff has suffered emotional and physical distress, mental and physical anguish, humiliation, loss of reputation and embarrassment, the physical manifestations of these problems, and will suffer these problems in the future.

Wherefore, plaintiff Bryan J. Bur requests that this Court enter judgment against the defendant as follows:

### Legal Relief

a. Compensatory damages in whatever amount over twenty-five thousand and no/100 dollars ($25,000.00) the plaintiff is found to be entitled;

b. An award of back pay and the value of lost fringe benefits, past and future;

c. Exemplary damages in whatever amount over twenty-five thousand and no/100 ($25,000.00) dollars the plaintiff is found to be entitled;

d. An award of interest, costs, and reasonable attorney fees.

### Equitable Relief

a. An order placing plaintiff Bryan J. Bur in the position he would have held had there been no violation of his rights;

b. An award of interest, costs, and reasonable attorney fees;

c. An order enjoining the defendant from further acts of discrimination or retaliation;

d. Whatever other relief appears appropriate at the time of final judgment;

e. Whatever other relief may appear appropriate when this Court's final order is entered.

Dated: April 10, 2019	**Petrucelli & Waara, P.C.**
Attorneys for Plaintiff

By: _____
Jonny L. Waara (P55525)
328 W. Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: (906) 265-6173

## Jury Demand

The plaintiff hereby demands trial by jury of all issues so triable.

Dated: April 10, 2019	**Petrucelli & Waara, P.C.**
Attorneys for Plaintiff

By: _____
Jonny L. Waara (P55525)
328 W. Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: (906) 265-6173

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF HOUGHTON

**BRYAN J. BUR,**

        Plaintiff,

v

**WALMART STORES, INC.,**

        Defendant.

File No: 19-17166-CK

Petrucelli & Waara, P.C.
Attorneys for Plaintiff
By: Jonny L. Waara (P55525)
328 W. Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: (906) 265-6173

### Plaintiff's First Request For Production Of Documents

Comes now the plaintiff, Bryan J. Bur, by and through his attorneys, Petrucelli & Waara, P.C., and requests that the defendant, WalMart Stores, Inc., produce for inspection and copying the documents listed in this request pursuant to the provisions of MCR 2.310.

### Terms Of Production

The documents requested in this request shall be presented for copying and/or inspection at the law offices of Petrucelli & Waara, P.C., 328 West Genesee Street, Iron River, Michigan, within forty-two (42) days after the service of this request.

## Documents Requested

1. All signed or unsigned statements made by the defendant or its agents or employees which are in the possession of the defendant or under its control and which relate directly or indirectly to any subject matter which is the basis of the plaintiff's complaint.

2. All records, memoranda, notations, statements, copies of summaries, records of personal or telephone conversations, or other documents relating to the incident or alleged injuries and damages which the defendant, its agents, servants, employees, or attorneys obtain from or as a result of interviewing all witnesses whomsoever purporting to have knowledge of the accident or alleged injuries or damages which form the subject of this complaint.

3. Any and all written or other documentary evidence which relates to the issue of liability which the defendant intends to offer into evidence at the trial of this action.

4. Any and all written or other documentary evidence which tends to exonerate or exculpate the defendant.

5. Any and all written or other documentary evidence which tends to show that the conduct by act or omission of some third person or persons caused or contributed to the happening of the event or the injuries which form the subject matter of this complaint.

6. A copy of any and all primary and excess insurance policies which might provide coverage for WalMart Stores, Inc., in the event judgment is entered on behalf of the plaintiff for the claims raised in this action.

Dated: April 16, 2019                     **Petrucelli & Waara, P.C.**
                                          Attorneys for Plaintiff

                                          By: _____
                                          Jonny L. Waara (P55525)
                                          328 W. Genesee St., P.O. Box AA
                                          Iron River, Michigan 49935
                                          Telephone: (906) 265-6173

3